In the Matter of REGULAR REPORT OF the GRAND JURY OF ST. LOUIS COUNTY, Missouri, SEPTEMBER TERM 1977, addressed to the Honorable Milton Saitz, Judge of the Circuit Court of St. Louis County, Missouri, Division No. 17.

No. 40499.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Alan C. Kohn, Mark J. Bremer, Charles S. Elbert, Stemmler & Stemmler, James A. Stemmler, St. Louis, for appellant.

George R. Westfall, Pros. Atty., Larry Mooney, Gary T. Soule, James C. Busch, Asst. Pros. Attys., Clayton, for respondent.

CRIST, Judge.

This is a Grand Jury case. On July 24, 1977, a fire occurred at the premises of the Plastic Bottle Corporation in University

City, Missouri. At the scene of the fire a picket line formed around the burning building. The University City Policemen were present at the scene. Neighboring fire districts and departments arrived to fight the fire; however, the fire burned out of control.

On January 12, 1978, the Grand Jury of St. Louis County filed a written report in the Circuit Court of the County of St. Louis. The report contained the following paragraph:

"PLASTIC BOTTLE CORPORATION
FIRE

This Grand Jury is critical of the University City Police Department in its handling of the Plastic Bottle Corporation fire on July 24, 1977. It is our opinion that pickets at the scene of the fire were allowed to seize control from the police. Neighboring fire districts and departments that responded to the call were not provided adequate protection to enable them to fight the fire. It is our conclusion had this protection been provided to these fire departments the fire could have been brought under control. We believe by failing to provide this protection, the University City Police Department was remiss in its duties. However due to the pending civil litigation resulting from this incident, we feel it would be inappropriate to comment any further on the matter at this time."

Appellants claim that there is no authority for the Grand Jury to file such report which contains criticisms and accusations falling short of indictment. We agree.

This case is controlled by the decision of *Matter of Interim Report of Grand Jury*, 553 S.W.2d 479 (Mo.banc 1977). In that case the report read, in pertinent part, as follows:

"The investigation revealed that Mr. Stein became aware of the mishandling of funds [in the petty cash account of the Clay County Planning and Zoning Office] and after becoming aware did not take any appropriate action to protect these funds, either through releasing the employee involved or by taking effective action to prevent said employee from having the opportunity to mishandle the funds."

Stating that the power of a Grand Jury to investigate and inquire is limited to finding or returning indictments, the Supreme Court held: a Grand Jury has no authority to report short of indictment, unless it is on the conditions of public buildings as mandated by § 540.020(1) (1969). *Id.* at 479.

Respondent argues that *Matter of Interim Report of Grand Jury* can be distinguished from the case at bar because in *Matter of Interim Report of Grand Jury* (1) the report named the public official, (2) the named public official had committed an indictable offense, and (3) the report was interim not final. Because the Grand Jury had no authority in our case to make such a report, these allegedly distinguishing facts are not determinative. They do not alter the conclusion that the Grand Jury acted beyond its authority.

While there is reason to hold that the Grand Jury in our case should be permitted to make such report, we are unable to go against the mandate of our Supreme Court in *Matter of Interim Report of Grand Jury, supra.*

The judgment based on the order overruling appellant's motion is reversed and the case is remanded with directions that the Grand Jury's report be expunged from the court's files and records.

DOWD, P. J., and SATZ, J., concur.