In the Matter of the REPORT OF the GRAND JURY IMPANELED ON JUNE 22, 1979, IN SHELBY COUNTY, Missouri.

No. 42629.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 17, 1981.

---

Marion F. Wasinger, John B. Morthland, Wasinger, Parham & Morthland, Hannibal, for appellant.

Steven E. Raymond, Pros. Atty., Shelbyville, for respondent.

SNYDER, Presiding Judge.

This is an appeal from a judgment denying a motion to expunge a portion of the report of the Shelby County Grand Jury. The motion requested the expungement of the following paragraph: "We the Grand Jury, due to lack of time did not have time to examine the Assessor and other officers. We, the Grand Jury, do feel, from the infor-mation received, that the Assessor needs to be investigated."

The judgment is reversed and remanded with instructions to order the expungement of the second sentence of the offending paragraph.

The report of the Shelby County Grand Jury was made to the circuit court on October 9, 1979. Appellant's motion for ex-pungement was filed on November 13, 1979 and denied on December 18, 1979. Appellant's motion for a new trial was argued and denied on February 14, 1980 and this appeal followed.

Movant argues that the grand jury was without authority to make a report on the conduct of public officials unless an indictment was returned. For support of this proposition he cites *Matter of Interim Report of Grand Jury*, 553 S.W.2d 479 (Mo. banc 1977) and *Matter of Regular Report of Grand Jury*, 585 S.W.2d 76 (Mo.App.1979).

Movant's complaint about the language of the grand jury report which he seeks to expunge is that it accuses him of being guilty of misconduct in office without providing any opportunity for him to answer the accusations in an authoritative forum. *Matter of Interim Report of Grand Jury, supra* at page 482. There was evidence that the general public in Shelby County viewed the report as an allegation of misconduct. The report was published in its entirety in three Shelby County newspapers and a letter critical of the questioned language of the report was received in evidence. Movant was not requested by the grand jury to appear before them and he had no opportunity to rebut the allegation in the report.

This court agrees that the portion of the report reading, "We, the Grand Jury, do feel, from the information received, that the Assessor needs to be investigated" must be expunged.

The 1875 Constitution in Article XIV, Section 11 read: "It shall be the duty of the grand jury in each county, at least once a year, to investigate the official acts of all officers having charge of public funds, and report the result of their investigation in

writing to the court." The present constitutional provision, Article I, Section 16, does not contain the language "and report the result of their investigation in writing to the court." Instead it says, "[T]he power of grand juries to inquire into the willful misconduct in office of public officers, and to find indictments in connection therewith, shall never be suspended."

The supreme court en banc has said the power to investigate does not imply the power to report unless an indictment is returned. *Matter of Interim Report of Grand Jury, supra* at page 482. In *Matter of Interim Report of Grand Jury* the report was critical of the manner in which the planning director and zoning enforcement officer of the Clay County Planning and Zoning Commission supervised the handling of funds in a petty cash account, but did not return an indictment against the officer. This court necessarily followed the earlier supreme court decision in *Matter of Interim Report of Grand Jury, supra*, in writing *Matter of Regular Report of Grand Jury, supra*. In the latter case the grand jury submitted a report critical of the University City, Missouri Police Department although no indictments were issued. The law as delineated in the two cited cases must be followed by this court and the offending language of the Shelby County Grand Jury Report expunged.

It cannot be gainsaid that the sentence "We, the Grand Jury, do feel, from the information received, that the Assessor needs to be investigated" is impliedly critical of the assessor. The innuendo is that the information received was unfavorable and that an investigation would disclose further unfavorable facts. There was no indictment. Therefore, that portion of the grand jury report should be expunged in accordance with the law as explicated by the supreme court in *Matter of Interim Report of Grand Jury, supra.*

But the first sentence of the portion of the grand jury report which the movant complains of should not be expunged. It reads: "We the Grand Jury, due to lack of time did not have time to examine the Assessor and other officers." The grand jury had been charged by the Shelby County Circuit Court to inquire into any failure or refusal of public officers to do their duties and any violations by public officers or officials of laws pertaining to finances. The grand jury was further specifically instructed to examine § 137.150 and § 137.155, RSMo 1978 which deal with the oaths to be administered by assessors and other officers and the correctness of the assessor's list to determine whether the provisions of the statutes were being followed.

The first sentence reporting the lack of time to examine the assessor and other officers simply reported to the circuit court and to the public that the jurors had not had time to complete the work assigned to them, a matter of public interest, and a fact which the circuit court may wish to consider when a grand jury is called in the future.

The judgment is reversed and remanded with instructions to order the expungement of that portion of the report which reads: "We, the Grand Jury, do feel, from the information received, that the Assessor needs to be investigated." The judgment is affirmed with respect to the other language complained of.

WEIER and STEWART, JJ., concur.